# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50014 | **DATE** | 5/2/2011 |
| **CASE TITLE** | Hilda L. Solis vs. Grinnell Mutual Reinsurance Co. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court accepts the report and recommendation of the magistrate judge. Grinnell's motion for stay is denied. The Secretary's motion to enforce subpoena is granted as modified to limit the scope of the request to the time period from March 12, 2008 to June 23, 2010. Grinnell is ordered to appear and produce evidence and to give testimony at a reasonable time and place prior to May 27, 2011. If, in complying with the terms of this order, Grinnell continues to assert that certain materials are subject to a privilege under the terms of this order, it is to produce a privilege log before the magistrate judge that would allow for a meaningful review of the privileges claimed for each document withheld.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

On 3/22/2011, the magistrate judge entered a report and recommendation that the petition of petitioner, Hilda Solis, Secretary of the United States Department of Labor ("Secretary"), to enforce a subpoena duces tecum issued by the Occupational Safety and Health Administration ("OSHA") to respondent, Grinnell Mutual Reinsurance Company ("Grinnell") be granted in part and that Grinnell's motion to stay be denied. Grinnell timely filed objections to the report and recommendation. Fed. R. Civ. P. 72 (b) (2). The Secretary did not file a response to these objections. The motion to enforce the subpoena is a dispositive motion so the report and recommendation is reviewed de novo. Fed. R. Civ. P. 72 (b) (3).

OSHA initiated an inspection of Haasbach, LLC ("Haasbach") on July 28, 2010 after the death of two workers in an accident at Haasbach's site in Mt. Carroll, Illinois. On 12/9/2010, in the course of the investigation, OSHA issued a subpoena duces tecum requiring the custodian of Grinnell's records to testify and present documents concerning inspections and reports it prepared as to Haasbach. Grinnell is an insurer of Haasbach. Grinnell declined to produce the records demanded in the subpoena. The Secretary seeks to enforce this subpoena pursuant to 29 U.S.C. § 657 (b). (The Secretary has agreed to limit the requested material to only material created prior to the fatal accident.) The investigation resulted in OSHA issuing a Citation and Notification of Penalty against Haasbach. Haasbach filed a Notice of Contest with OSHA's review commission commencing an administrative adjudication proceeding as to the citation.

29 U.S.C. § 657 (b) allows OSHA, in conducting inspections and investigations, to "require the attendance and testimony of witnesses and the production of evidence under oath." It empowers federal district courts, upon application of the Secretary, to order such person to appear and produce evidence, "as, and when so ordered."

Grinnell objects to the report and recommendation arguing the evidence presented to the magistrate judge favors granting it's requested stay. Grinnell claims Haasbach's operations are not within OSHA's jurisdiction and that Grinnell will be irreparably harmed by turning over the requested documents to OSHA because those documents are privileged under Illinois law and might find their way into the hands of the

plaintiff in the state court suit brought against Haasbach, Grinnell's insured, arising from the accident. Grinnell argues the enforcement of the subpoena should be stayed until after Haasbach has exhausted its administrative remedies (presumably with a determination OSHA lacks jurisdiction) in the OSHA investigation.

Grinnell further argues the 3/12/2008 and 6/23/2010 loss control reports sought by OSHA are not reasonably related to the investigation because Grinnell "has reason to believe" Haasbach was not in possession of any loss control reports prepared by Grinnell prior to the accident. Grinnell also contends the subpoena is overly broad seeking documents completed more than four years before the incident. (However, the report and recommendation recommends limiting the request to the time period from March 12, 2008 to June 23, 2010 and the Secretary has not objected to this limitation.) Grinnell contends enforcing the subpoena would cause a "chilling effect" by discouraging businesses from allowing insurers to conduct safety inspections if the material contained in the inspection reports can be used against the businesses during later litigation or OSHA enforcement proceedings.

"A court exercises only limited review of an agency's actions in a subpoena enforcement proceeding." Commodity Trend Services, Inc. v. Commodity Futures Trading Comm'n, 233 F.3d 981, 986 (7th Cir. 2000). "As a general rule, courts enforce an administrative subpoena if: (1) it reasonably relates to an investigation within the agency's authority, (2) the specific inquiry is relevant to that purpose and is not too indefinite, (3) the proper administrative procedures have been followed, and (4) the subpoena does not demand information for an illegitimate purpose." Id. As long as a party's conduct "superficially appears to bring it within the jurisdiction of the agency," the agency may investigate to determine whether it has jurisdiction over the party. Id.

The subject workplace double fatality certainly "superficially appears" to be within OSHA's jurisdiction. OSHA, therefore, may investigate to determine whether it has jurisdiction over Haasbach. With the ability to investigate, comes the authority to require the production of evidence and to obtain court enforcement of subpoenas seeking such evidence. 29 U.S.C. § 657 (b). The requested documents (copies of site safety inspections, applications for insurance coverage for the site, and correspondence between Grinnell and Haasbach concerning the site) reasonably relate to the investigation of the incident and the question of OSHA jurisdiction. The inquiry is not too indefinite. It specifies clearly what it seeks. Nothing indicates proper procedures were not followed or that the information is sought for an illegitimate purpose. Because OSHA has the authority to investigate and determine its jurisdiction, whether Haasbach will ultimately be found to be outside that jurisdiction is not relevant to subpoena enforcement against Grinnell, the only issue before the court.

Grinnell's claim that it will be irreparably harmed by complying with the subpoena is unconvincing. It simply argues that the information turned over to OSHA may become public or be transmitted to the state court plaintiff. Why this would happen or why nothing can be done to prevent it short of refusing to give OSHA the information in the first place is not explained. Grinnell has not shown that it cannot receive the protection it seeks, assuming it is entitled to protection, in the OSHA proceeding or from the state court. Further, the magistrate judge has recommended that Grinnell be directed, if it asserts a federally recognized attorney-client privilege as to certain materials, to produce a privilege log that would allow for a meaningful review of the privileges claimed for each document. In light of Grinnell's failure to show it will be irreparably harmed by the enforcement of the subpoena, its motion for a stay is denied.

Grinnell argues the March 12, 2008 and June 23, 2010 loss control reports are not reasonably related to the OSHA investigation because Grinnell has reason to believe Haasbach was not in possession of any loss control reports prior to the accident. Grinnell does not explain why Haasbach's supposed lack of possession of these documents renders them not reasonably related to the investigation. Grinnell states that the Department of Labor's own policies recognize the need for confidentiality of safety inspections. However, as the magistrate judge observed, the cited provision, 65 F.R. 46,498- 46,503 (July 28, 2000) reflect an internal

| STATEMENT - OPINION |
|---|

policy of OSHA which it declined to adopt as a final rule, in part to avoid creating legal rights in third parties (like Grinnell) which it perceived would lead to unproductive litigation. Id. at 46,500-46,501. The internal policy is also directed at voluntary self-audits conducted by employers to "assess workplace safety and health conditions including compliance with the Occupational Safety and Health Act. Id. at 46,498. It is difficult to see how the loss control reports, which Grinnell claims Haasbach did not possess, could be considered as a voluntary self-audit conducted by Haasbach to assess work place safety and OSHA compliance.

Grinnell also argues enforcing the subpoena will have a "chilling effect" on businesses allowing their insurers to conduct safety inspections and on insurers conducting such inspections to determine risk of loss. Assuming for the sake of argument that this is true, correcting that problem is a policy decision to be made somewhere other than in the federal courts.

For the foregoing reasons, the court accepts the report and recommendation of the magistrate judge. Grinnell's motion for stay is denied. The Secretary's motion to enforce subpoena is granted as modified to limit the scope of the request to the time period from March 12, 2008 to June 23, 2010. Grinnell is ordered to appear and produce evidence and to give testimony at a reasonable time and place prior to May 27, 2011. If, in complying with the terms of this order, Grinnell continues to assert that certain materials are subject to a privilege under the terms of this order, it is to produce a privilege log before the magistrate judge that would allow for a meaningful review of the privileges claimed for each document withheld.